**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2242-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DORELLE R. WALLACE, a/k/a
DURELL RASHAN WALLACE,
and DOROLLE RASHAN
WALLACE,

     Defendant-Appellant.

_____

Submitted October 2, 2019 – Decided October 8, 2019

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 12-02-0255 and 12-02-0259.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Nancy Philion Scharff, Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an August 11, 2017 order denying his petition for post-conviction relief (PCR). Defendant maintains that his plea counsel rendered ineffective assistance. He also adds – for the first time – that PCR counsel was ineffective. Judge Gwendolyn Blue entered the order and rendered a thorough oral opinion.

On appeal, defendant raises the following points:

POINT I

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSITANCE OF COUNSEL IN THE FAILURE OF COUNSEL TO CALL DEFENDANT TO TESTIFY AT THE MIRANDA HEARING IN SUPPORT OF HIS CONTENTION THAT HIS CONFESSION WAS COERCED.

POINT II

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED [A] PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO ANALYZE EVIDENCE REGARDING OUT-OF-COURT IDENTIFICATION.

2

In his pro se brief, defendant adds the following contentions, which we have renumbered:

POINT III

TRIAL COUNSEL'S FAILURE TO INFORM DEFENDANT OF MATERIAL EVIDENCE CAUSED DEFENDANT TO REJECT A MORE FAVORABLE PLEA OFFER.

POINT IV

DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT V

DEFENDANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF PCR COUNSEL. (NOT RAISED BELOW).

We conclude that these arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons set forth by Judge Blue in her well-reasoned oral decision, and add the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable

likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test).

Defendant has failed to satisfy both Strickland prongs. We addressed defendant's Miranda argument on his direct appeal. We were unwilling to second-guess plea counsel's strategic decision not to call defendant as a witness at the Miranda hearing. See State v. Williams, No. A-0767-13 (App. Div. Apr. 7, 2016) (slip op. at 13). The PCR judge acknowledged that this court addressed defendant's Miranda argument on defendant's direct appeal. Further, the PCR judge found that even if counsel made a mistake, defendant did not establish the requisite prejudice because he failed to show that the motion judge would have suppressed his statement.

Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63

4

(2012); <u>Missouri v. Frye</u>, 566 U.S. 134, 140 (2012); <u>State v. DiFrisco</u>, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. <u>Lafler</u>, 566 U.S. at 163 (quoting <u>Strickland</u>, 466 U.S. at 694).

Here, defendant faced charges under two separate indictments.[1] One indictment charged defendant with eight counts of first-degree armed robbery and seven counts of first-degree kidnapping.[2] Defendant faced life in prison on the robbery and kidnapping charges alone. Moreover, defendant confessed to both robberies, and his co-defendant, who also pled guilty, implicated defendant on the first robbery. Pertaining to the first robbery, three witnesses identified defendant in photo arrays. Defendant pled guilty to both robberies, and the State agreed to dismiss all other charges. In exchange for the plea agreement, defendant received an aggregate prison term of twenty-five years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Thus, defendant failed to

---

[1] In the two indictments, defendant was charged with committing twenty-eight offenses.

[2] In that indictment, the State also charged defendant with one count of second-degree unlawful possession of a weapon, one count of second-degree possession of a weapon for an unlawful purpose, three counts of third-degree aggravated assault, one count of third-degree terroristic threats, one count of second-degree conspiracy to commit first-degree armed robbery, and two counts of second-degree conspiracy to commit first-degree kidnapping.

demonstrate with "reasonable probability" that the result would have been different had he received proper advice from plea counsel.

For the first time, defendant argues that his PCR counsel rendered ineffective assistance. We examine the performance of PCR under a different standard than the standard applicable to trial or plea counsel. In that regard, the Supreme Court has stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010) (citing State v. Rue, 175 N.J. 1, 4 (2002)). And "[t]his relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an independent standard of professional

conduct upon an attorney representing a defendant in a PCR proceeding." Ibid. (citations omitted). PCR counsel is not required to bolster claims raised by a defendant that are without foundation, but rather, only those that the record supports. See Webster, 187 N.J. at 257.

Here, defendant argues that PCR counsel did not advise him to submit a certification or affidavit. Defendant asserts that he would have submitted a certification stating that he would have accepted an earlier plea deal had he known that three witnesses identified him in one of the robberies. But defendant failed to raise this contention before the PCR judge and, therefore, we decline to consider it here. State v. Robinson, 200 N.J. 1, 19 (2009); see also Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). To the extent defendant contends PCR counsel was deficient in not properly advancing any claim, we conclude such matters are better considered in a second PCR petition. See R. 3:22-12(a)(B)(C).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2242-17T2